**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0606-22

279 VETERANS LLC,
FIDELITY MORTAGE, LLC,
and SEABRIDGE ACQUISTIONS,
LLC,

      Plaintiffs-Respondents,

v.

VILLAGE GREEN ASSOCIATES,
LLC,

      Defendant-Appellant.

_____

        Argued October 30, 2023 – Decided March 27, 2024

        Before Judges Gilson and Bishop-Thompson.

        On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. C-000107-20.

        Avram E. Frisch argued the cause for appellant (Law Office of Avram E. Frisch, LLC, attorney; Avram E. Frisch, on the brief).

Layne Alison Feldman argued the cause for respondents (Ansell, Grimm & Aaron, PC, attorneys; Lawrence H. Shapiro, of counsel and on the brief).

PER CURIAM

Defendant Village Green Associates LLC (Village Green) appeals from the Law Division's October 14, 2022 order granting summary judgment in favor of plaintiffs 279 Veterans LLC (279 Veterans), Seabridge Acquisitions LLC (Seabridge), and Fidelity Mortgage LLC (Fidelity) (collectively plaintiffs) and denying defendant's cross-motion for summary judgment. Having considered the record and applied the governing law, we affirm.

I.

We summarize the material facts from the record, viewing them in the light most favorable to defendant, as the non-moving party. Templo Fuente De Vida Corp. v. Nat'l Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). In May 1999, defendant purchased property located at 405 Route 18, East Brunswick, New Jersey (the Property), a retail shopping center containing "21,000 [] square feet, a Learning Experience[,] and approximately 8 stores."

In May 2008, defendant borrowed $700,000 from 279 Veterans and Seabridge, two companies owned by Harold Trieger. Joseph Grunwald, as the sole owner and president of SYF Holding Corporation and the sole member of

Village Green, signed a note in favor of Seabridge and a mortgage in favor of 279 Veterans. On September 20, 2011, the mortgage was recorded.

From 2010 to 2013, defendant made interest-only payments on the Seabridge note identified in its accounting records as a construction loan. In June 2013, defendant stopped making payments.

In August 2013, 279 Veterans assigned the note and the mortgage to Fidelity, another entity owned by Trieger. Subsequently, Fidelity sent defendant a demand letter stating the note and mortgage were in default for nonpayment and $787,996.00 was due and owing. In September 2013, Fidelity filed a foreclosure complaint against defendant. The foreclosure action was dismissed without prejudice when Fidelity learned of "potential environmental issues" at the Property.

On November 23, 2015, defendant filed a lawsuit against 279 Veterans and Fidelity (the 2015 Action). It alleged that Grunwald had not signed the mortgage, and therefore, it was null and void. During discovery, 279 Veterans and Fidelity produced a handwriting expert who opined Grunwald signed the mortgage. Thereafter, the parties filed a stipulation of dismissal with prejudice.

In 2016, Aryeh Weinstein filed suit against defendant and its subsidiaries, seeking a declaration that he was a fifty-percent owner in properties acquired by

3

defendant and a share of the profits for properties sold by defendant (the 2016 Action). Weinstein alleged he had an oral partnership with defendant. In the 2016 Action, Weinstein contested the validity of the mortgage. Grunwald testified at trial; he did not state that the mortgage was paid and satisfied. Nor did he allege that a satisfaction of the mortgage had been signed. Following an eight-day trial in February 2020, Weinstein's claims were dismissed with prejudice.

Shortly thereafter, on March 20, 2020, defendant recorded a satisfaction of the mortgage, dated February 8, 2014, allegedly signed by Paul Zicherman, Grunwald's father-in-law. The satisfaction stated the mortgage given by 279 Veterans to defendant "IS PAID" and consented to the mortgage discharge.

After discovering the recorded satisfaction during a title search, plaintiffs filed a complaint against defendant on July 10, 2020, seeking a declaration that the satisfaction was fraudulent and seeking to remove it from the public record.

On October 29, 2020, defendant filed an answer, counterclaim, and third-party complaint. It sought a declaration that the satisfaction was valid and that the mortgage was no longer a valid, binding debt. Defendant also disputed the ownership of 279 Veterans and the continued validity of the mortgage documents.

A-0606-22

On October 14, 2021, NJ BNH III, LLC (NJ BNH III) commenced a foreclosure action against defendant seeking to foreclose on a prior mortgage, executed on October 27, 2005. The foreclosure sale was held in October 2023, and the Property was sold for more than the sum owed to NJ BNH III as the first lender.

Plaintiffs moved for summary judgment, arguing that they were entitled to a declaratory judgment because the satisfaction was invalid and sought dismissal of defendant's counterclaims and third-party claims. Specifically, plaintiffs argued defendant's claims were barred by the entire controversy doctrine, judicial estoppel, and res judicata.

Defendant cross-moved for summary judgment, contending that 1) there was no justiciable controversy because plaintiffs failed to preserve their counterclaims in the 2015 Action, 2) the entire controversy doctrine barred plaintiffs' claims, 3) equitable considerations favored defendant, 4) the satisfaction was valid, and 5) judicial estoppel and res judicata did not bar its claims.

Following oral argument, on October 14, 2022, the judge entered an order accompanied by a well-reasoned written decision. The judge granted plaintiffs' motion for summary judgment for declaratory relief but denied the motion for

summary judgment on the fraud claim. The judge denied defendant's cross-motion in its entirety.

In granting plaintiffs' claim for declaratory judgment, the ~~motion~~ judge concluded the mortgage was valid, and the satisfaction was invalid based on the competent and undisputed evidence produced by plaintiffs. The judge stated plaintiffs showed Trieger assigned the mortgage to Zicherman in 2009, but 279 Veterans did not hold the mortgage in February 2014. Additionally, plaintiffs submitted "true copies of the [n]ote and [m]ortgage assignments from [279] Veterans to Fidelity dated August 7, 2013." The judge, therefore, concluded that Zicherman did not have the authority to discharge the mortgage or execute the satisfaction.

In addition, the judge found that plaintiffs submitted substantial documentary evidence to show that the mortgage was authentic and valid, including (1) a handwriting expert's report to support its contention in the 2015 Action, and (2) account statements showing the history of defendant's mortgage payments.

The judge also determined plaintiffs' claims in this matter could not have accrued in 2015 or 2016; and therefore, the entire controversy doctrine did not bar the present claims. The judge found the certifications submitted by plaintiffs

A-0606-22

established that they did not learn of the satisfaction was not "discovered" until 2020, well after the conclusion of the prior actions. Moreover, defendant offered no proofs to contradict when plaintiffs learned of the satisfaction.

The judge reasoned that it would have "been to [d]efendant's benefit to assert the existence of the [s]atisfaction in support of its []claims" in the 2015 Action. The judge also noted that during oral argument defendant conceded that counsel in the 2015 Action should have raised the issue of satisfaction. The judge therefore concluded defendant was barred from asserting the validity of the satisfaction in this action.

Further, the judge found defendant produced "only self-serving certifications attesting to conclusory facts without supporting evidence." Therefore, defendant's "'bare' certifications, without more, [were] insufficient to raise a genuine factual dispute. Since the entire controversy doctrine bar[red] [d]efendant from raising the issue of the [s]atisfaction's validity . . . it [was] therefore undisputed that the [s]atisfaction [was] invalid."

On the other hand, the judge determined defendant's claims were not barred under the doctrines of res judicata and collateral estoppel. The judge first found that defendant's contention that the mortgage was fraudulent and, therefore, invalid was consistent with its position taken in the 2015 Action. The

A-0606-22

judge then determined the 2015 Action was voluntarily dismissed. Finally, the parties did not fully litigate and determine the validity of the mortgage, and as such, neither doctrine barred defendant from raising the issue in this action.

Regarding both parties' fraud claim, the judge noted that only plaintiffs "demonstrated a misrepresentation as a matter of law." The judge explained plaintiffs, however, failed to prove the remaining elements of their claim by undisputed facts. Defendant likewise "failed to set forth competent evidence that proves its claim or contradict[ed] [p]laintiffs' evidence. Accordingly, neither party established the elements of their fraud claims. After the entry of the summary judgment order, the parties filed a consent order voluntarily dismissing the remaining claims.

## II.

On appeal, defendant asserts two arguments. First, it argues there were material issues of fact that precluded the trial court from granting summary judgement in favor of plaintiffs. Second, it contends the entire controversy doctrine does not bar defendant from arguing the satisfaction discharged the mortgage.

We review the trial court's grant or denial of a motion for summary judgment de novo, applying the same standard used by the trial court. Samolyk

v. Berthe, 251 N.J. 73, 78 (2022).  Under that standard, we must "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'"  Branch v. Cream-O-Land Diary, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)).  "An issue of fact is genuine only if . . . the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact."  R. 4:46-2(c).

We reject defendant's arguments and affirm substantially for the same reasons expressed by the motion judge.  The burden of disputing the validity of the mortgage was on defendant but defendant failed to produce credible evidence to refute the validity of the mortgage.  Moreover, there is no evidence that Zicherman had authority to execute the satisfaction in 2014.  Furthermore, the satisfaction was not produced in the 2015 Action nor was it timely recorded.

Accordingly, plaintiffs' request for declaratory relief was essentially unopposed after the judge ruled that defendant's satisfaction defense was barred by the entire controversy doctrine.  Defendant offered nothing more than bare assertions without evidentiary support in challenging plaintiffs' motion, which,

9

under well-settled principles, is insufficient to defeat a summary judgment motion. Horizon Blue Cross Blue Shield of New Jersey v. State, 425 N.J. Super. 1, 32 (App. Div. 2012) (citing Brae Asset Fund, LP v. Newman, 327 N.J. Super. 129, 134, (App. Div. 1999)); accord Puder v. Buechel, 183 N.J. 428, 440-41 (2005).

The entire controversy doctrine is "an equitable doctrine whose application is left to judicial discretion based on the factual circumstances of individual cases." Bank Leumi USA v. Kloss, 243 N.J. 218, 227 (2020) (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, PC, 237 N.J. 91, 114 (2019)). We review the doctrine presented on summary judgment for an abuse of discretion rather than de novo. Unkert by Unkert v. Gen. Motors Corp., 301 N.J. Super. 583, 595 (App. Div. 1997) (affirming denial of summary judgment under the entire controversy doctrine, finding no "abuse of the trial court's discretion in not applying the doctrine").

Under the entire controversy doctrine, a party must "assert all claims known to them that stem from the same transactional facts, even those against different parties." R. 4:30A; Joel v. Morrocco, 147 N.J. 546, 548 (1997). The doctrine of res judicata precludes the re-litigation of substantially the same cause of action once it is finally determined on the merits by a court of competent

jurisdiction.  Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 606 (2015).  In determining whether successive claims constitute one controversy for purposes of the entire controversy doctrine, "the central consideration is whether the claims . . . arise from related facts or the same transaction or series of transactions."  Ibid.  It is the factual context "giving rise to the controversy itself, rather than a commonality of claims, issues or parties, that triggers the requirement of joinder to create a cohesive and complete litigation."  Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142 N.J. 310, 323 (1995) (citing DiTrolio v. Antiles, 142 N.J. 253, 267-68 (1995)).

Here, the record shows defendant should have been aware of the satisfaction since at least February 2014.  Based on the record, we are satisfied the judge properly determined defendant failed to raise the issue of satisfaction during the 2015 and 2016 Actions.  Indeed, during the 2016 Action, Grunwald had an opportunity to testify regarding the satisfaction but failed to do so. Instead, defendant disputed the validity of the mortgage in the 2015 and 2016 Actions.  Based on that record, the judge properly concluded defendant's satisfaction claim was barred by the entire controversy doctrine.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-0606-22